IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> JAKE ELLIS DAUGHTRY (1) <br> JOSEPH ELLIS DAUGHTRY (2) <br> KIP WILLIAM DAUGHTRY (3) <br> SANDRA MILLER DAUGHTRY (4) <br> JORDAN LEE KING (5) <br> TANNER JOHN JORGENSEN (6) <br> AUSTIN WAYNE DIAL (7) <br> JESSE LEE HACKETT (8) <br> JOSHUA WHISNEANT (9) | NO.1:20-CR-00055-TH |

**REPORT AND RECOMMENDATION GRANTING MOTION TO EXCLUDE
ADVICE OF COUNSEL EVIDENCE**

United States District Judge Thad Heartfield has referred all pretrial motions to the undersigned for determination and/or entry of proposed findings and a recommended disposition. (Doc. No. 100.) Currently pending before the court is the Government's *Motion to Exclude Evidence or in the Alternative to Hold an Evidentiary Hearing*. (Doc. No. 177.)

On March 12, 2021, the Government filed a *Motion to Disqualify Attorney Thomas Kelley, Ryan Gertz and/or the Gertz & Kelley Law Firm* from the representation of any Defendant in this case. (Doc. No. 167.) Gertz and Kelley currently represent Defendant Joseph Daughtry. The Government wishes to disqualify both attorneys because of some concern that they may become witnesses in this case. Specifically, the Government claims that Defendant Jake Daughtry, Joseph Daughtry's son, told agents during the execution of several search and seizure warrants on July 15, 2020, that he sought one or both of the attorneys' legal advice concerning the legality of selling butanediol—a controlled substance analogue that forms the basis of most of the counts in the Indictment. Thus, the Government believes that Jake Daughtry or another defendant may wish to

assert an advice-of-counsel defense at trial. If that were the case, then the attorneys may be required to testify as witnesses favorable to the defense. On the other hand, the Government may want them to testify that such advice was *not* given to one of the Defendants. Either way, the Government argues such a situation violates Rule 3.08 of the Texas Rules of Professional Conduct, which prohibits a lawyer from being a witness and an advocate in an adjudicatory proceeding.

On March 31, 2021, the undersigned held a hearing on the motion. During the hearing, the undersigned expressed the belief that the advice-of-counsel defense is unavailable for the offenses charged in the Indictment. Therefore, if an advice-of-counsel defense is unavailing, then there is no potential for either Gertz or Kelley to offer advice-of-counsel testimony, making disqualification on that ground entirely unnecessary. As a result, the undersigned directed the Government[1] to file a motion to exclude evidence relating to the advice-of-counsel defense in order to get a determination from the court.

None of the Defendants responded to the motion, and the time for doing so has passed. *See* Loc. R. CR-47(b)(1) ("A party opposing a motion has fourteen days from the date the motion was served in which to serve and file a response[.]"); *see also Mot. Hr'g Tr.*, Doc. No. 188, p. 99 (giving defense a week to respond to the Government's motion). At the hearing, Mr. Gertz stated it was not their intention of raising the advice-of-counsel defense "as of now." *Mot. Hr'g Tr.*, Doc. No. 188, p. 11. The undersigned previously ordered the Defendants to provide notice of any intention to assert the advice-of-counsel defense at least fourteen days prior to trial, or as soon as practicable. (Doc. No. 158.) That fourteen-day deadline expired on February 2, 2021, and none of the Defendants filed such a notice by that date.[2] Furthermore, the undersigned ordered defense

---

[1] The Government advised it would be seeking to have any advice-of-counsel evidence excluded at the plenary trial. (Doc. No. 188, p. 90.)

[2] Two days later, the court continued the trial until April 19. (Doc. No. 159.) The case is currently specially set for trial on August 17, 2021. (Doc. No. 182.)

counsel to immediately move for withdrawal if assertion of the advice-of-counsel defense would require them to testify at trial. None of the attorneys have filed such a motion. Because the Defendants have repeatedly failed to voice any opposition to the Government's desire to preclude the advice-of-counsel defense, the Government's motion should be **GRANTED.**

It should be **ORDERED** that the Defendants, their attorneys, and witnesses can not mention or bring before the jury panel or the jury, either directly or indirectly, upon *voir dire*, opening or closing statement, interrogation of any witness, the offer or reading of any exhibit or discovery response in the case, arguments or objections before the jury, or in any manner or means inform the jury or bring to the jury's attention that any of the Defendants ever relied on the advice of counsel as it pertains to the allegations set forth in the instant Indictment.

## Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds

of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of May, 2021.

                                                      Zack Hawthorn
                                                      United States Magistrate Judge